THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DAVID J. GORDON, Defendant-Appellant.

Second District   No. 2—89—0181

Opinion filed March 6, 1991.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's
Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers
and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Of-
fice, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:
Defendant, David Gordon, was charged by separate informa-
tions filed on December 13, 1988, and February 20, 1986, with
one count of criminal sexual assault (Ill. Rev. Stat. 1985, ch. 38,
par. 12—13(a)(3)), and two counts of aggravated criminal sexual
assault (Ill. Rev. Stat. 1985, ch. 38, par. 12—14(b)(1)). Defendant,
an enlisted man assigned to the United States Army (Army) facil-

ity at Fort Sheridan, Illinois, was released from the county jail on a $100,000 recognizance bond. One of the conditions of the bond was that "defendant shall follow orders issued by the Army." On November 10, 1988, defendant entered a plea of guilty to the charge of criminal sexual assault, a Class 1 felony, and the remaining charges were subsequently nol-prossed.

On February 1, 1989, the trial court sentenced defendant to a 48-month period of probation conditioned on psychological counseling and substance abuse treatment, 100 hours of public service, 120 days of incarceration in the county jail to be served at the rate of 30 days per year for four years, and court costs. After the court pronounced the sentence, defendant raised the issue whether he should be allowed credit for time served while he was restricted to certain areas of the military facility at Fort Sheridan for a 19-month period as a result of the condition imposed by the recognizance bond. The trial court continued the matter, and, at a hearing held February 23, 1989, defendant was allowed to file his motion raising that issue. The trial court denied defendant's motion for credit for time served.

■ Defendant appeals the denial of his motion pursuant to *People v. Wilk* (1988), 124 Ill. 2d 93. According to our reading of *Wilk*, a defendant need not file a written motion to withdraw a guilty plea pursuant to Supreme Court Rule 604(d) (107 Ill. 2d R. 604(d)) as a condition precedent to an appeal from his sentence where the defendant has presented a timely motion in the trial court seeking only the reconsideration of his sentence. (See *People v. Israel* (1989), 181 Ill. App. 3d 851, 859, citing *People v. Favelli* (1988), 176 Ill. App. 3d 618; see also *People v. Carroll* (1990), 195 Ill. App. 3d 445.) We will consider the merits of this appeal as it involves only an issue regarding sentencing.

On appeal, defendant again contends that he should have been allowed credit for time spent "in custody" pursuant to section 5—8—7(b) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—7(b)). Defendant argues that, as a result of the condition of his bond, he was placed under significant restrictions at his military post which amounted to "custody" as that term is used in the Code. We disagree. We, therefore, affirm.

At the sentencing hearing, defendant presented evidence in mitigation.

Defendant underwent psychological counseling with his family from November 1985 until the time of the hearing in February

1989. The trial court heard the testimony of defendant's wife and of his clinical psychologist. The psychologist stated that the defendant's family would benefit from defendant's support and that he could successfully complete a probationary sentence. The trial court accepted defendant's plea and imposed sentence.

Subsequently, defendant timely requested that credit be given for the period of time when he was restricted to his military post at Fort Sheridan. Defendant's motion averred that, upon his release on bond and pursuant to Army orders, he was confined to his barracks and had limited freedom of movement.

At the hearing on this motion, defendant testified that, upon his release from jail on the recognizance bond, the Army monitored his whereabouts 24 hours a day. He was not allowed out of the company area without an escort. When he was in his barracks, he had to report to someone every hour until he went to bed. He was allowed to go to the mess hall without an escort, but if he had to go to the judge advocate's office or the gym or off post for any reason, he had to have an escort. Defendant went off post for therapy or for court proceedings. Defendant was permitted to go to church, but he chose not to do so because an escort would be required. For the first year, defendant was not allowed to visit his family, and he was not allowed to make telephone calls to his home from October 31, 1985, until April 1986.

Defendant was not shackled, handcuffed or put behind bars, and was not placed under guard. He was allowed to go to work unescorted, although he was under supervision there. He was allowed to go without an escort to a type of college on the base called the CLC learning center, but had to call in on his hourly breaks. Defendant testified that the restrictions and living apart from his family continued for 19 months from the time of his release on bond.

First, the trial court found that the restrictions were not directly imposed by the court. Second, the trial court found that the conditions imposed by the Army did not amount to confinement under Illinois law for purposes of computing "bond time." The trial court then disallowed credit against his sentence for time spent under the Army's restrictions.

Citing *People ex rel. Morrison v. Sielaff* (1974), 58 Ill. 2d 91, defendant argues that the condition imposed as a result of the bond resulted in surveillance and restrictions tantamount to confinement and that custody, for purposes of construing section 5—

8—7(b) of the Code, is the equivalent of confinement. Therefore, he believes he should be given credit for that confinement. Defendant relies additionally on *People v. Ramos* (1989), 181 Ill. App. 3d 1062, *rev'd* (1990), 138 Ill. 2d 152, for the proposition that, although a defendant is not imprisoned or detained in a penal institution, the restrictions placed on a defendant may be such that they amount to confinement or custody and defendant is therefore entitled to credit for time served.

In *Ramos*, following his arrest, the defendant was released from custody on a $50,000 recognizance bond with home detention a condition of the bond. In imposing sentence, the trial court denied the defendant's request for credit for time served in home detention. The appellate court reversed the judgment, holding that the defendant was entitled to credit because of the degree of restriction imposed on him. The defendant was permitted to leave his confinement only with the consent of the court or his probation officer. The three times that he was actually permitted to leave were occasions of necessity and not of convenience. Moreover, defendant was not permitted to work or attend school. The appellate court reasoned that, although the defendant's home detention did not amount to imprisonment, it was not far from it. The *Ramos* court concluded that the detention was the equivalent of custody for purposes of credit against the sentence. 181 Ill. App. 3d at 1065.

Our supreme court disagreed with the appellate decision in *Ramos* and reversed it. The supreme court agreed with the State's contention that time spent "in custody" as used in section 5—8—7(b) does not include the period of time during which a defendant is released on bond, regardless of the restrictions that might be imposed as conditions of release. (138 Ill. 2d at 156-57.) The court further amplified its prior decision in *Morrison* by explaining that, in the context of section 5—8—7(b) of the Code, custody is to be construed as confinement in a penal institution. 138 Ill. 2d at 158.

The supreme court also pointed out that section 110—10(b)(13) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 110—10(b)(13)) authorizes the trial judge to require as a condition of bond that a defendant remain in the custody of such designated person or organization agreeing to supervise his release, but that the legislature's use of the term "custody" in that section was not meant to blur the previously recognized distinction between individuals who are held in institutional confine-

ment and those who are released on bond. In the context presented, the court concluded that the term "custody" was not intended to apply to the period of time during which a defendant is released on bail and held that the defendant was not entitled to sentencing credit under section 5—8—7(b) of the Unified Code of Corrections for his period of pretrial home confinement. *Ramos*, 138 Ill. 2d at 162.

We find the supreme court's decision in *Ramos* dispositive of the cause before us. Even if the restrictions imposed on defendant could be attributed to the trial court (rather than the Army) by virtue of the conditions of the bond, we must conclude that the time spent by defendant under the Army's restrictions does not qualify as time spent "in custody" for purposes of allowing credit under section 5—8—7(b) of the Code. The type of custody intended by that provision applies only to confinement in a penal institution and does not apply to a defendant who is released on bond, regardless of the restrictions imposed on him during that time. Certainly, defendant does not contend that he was imprisoned or placed in a penal institution, and we do not equate his circumstances with confinement in a penal institution. Defendant was, in fact, released on bond notwithstanding the restrictions imposed on him by the military. Following the supreme court's decision in *Ramos*, we hold that, despite the pretrial restrictions imposed on defendant, he is not entitled to credit against his sentence under section 5—8—7(b) of the Unified Code of Corrections.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

REINHARD, P.J., and DUNN, J., concur.