20 July 2000

No. 2--99--0498 

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Lake County.

)

Plaintiff-Appellee, )

)

v. ) No. 97--CF--1088

)

TONY GONZALES, ) Honorable

) Raymond J. McKoski,

Defendant-Appellant. ) Judge, Presiding.

________________________________________________________________

JUSTICE THOMAS delivered the opinion of the court:

On appeal, defendant, Tony Gonzales, argues that the trial court erroneously denied his petition for credit for time served in pretrial home detention.  We affirm after concluding that (1) defendant was ineligible for credit and (2) even if defendant was eligible, the trial court had the discretion to deny the request.

FACTS

On April 24, 1997, defendant was arrested after an undercover agent watched him buy approximately one kilogram of cocaine.  Defendant was charged with unlawful delivery of a controlled substance (720 ILCS 570/401(a)(2)(D) (West 1998)), unlawful possession of a controlled substance with the intent to deliver (720 ILCS 570/401(a)(2)(D) (West 1998)), unlawful possession of a controlled substance (720 ILCS 570/402(a)(2)(D) (West 1998)), and four counts of criminal drug conspiracy (720 ILCS 570/405.1(a) (West 1998)).

When defendant was released on bond, the trial court ordered him to remain home from 11 p.m. to 6 a.m. each day.  The court permitted defendant to leave home only for work, and a bond supervision officer periodically verified that defendant complied with the curfew.

Defendant spent eight months in pretrial home detention before he pleaded guilty to one amended count of criminal drug conspiracy to sell between 100 and 400 grams of cocaine.  In exchange for the guilty plea, the State agreed to dismiss the remaining charges and recommend a 10-year sentence cap.  Defendant petitioned for credit for time served in home detention, and the court denied the  postplea request, concluding that (1) "defendant was allowed to leave his home six days a week, 11 hours a day for employment" and (2) "defendant is ineligible for home detention credit pursuant to" section 5--8--7(d) of the Unified Code of Corrections (Code) (730 ILCS 5/5--8--7(d) (West 1998)).

ANALYSIS

On appeal, defendant argues that the trial court erroneously denied his petition for pretrial credit, and he asks us to modify his sentence to reflect the credit.  Sections 5--8--7(b) through (d) of the Code (730 ILCS 5/5--8--7(b) through (d) (West 1998)) govern the calculation of credit for time served in pretrial custody.  The purpose of the "credit-against-sentence" provision of section 5--8--7(b) is to ensure that a defendant does not remain incarcerated after his sentence expires.  
People v. Ramos
, 138 Ill. 2d 152, 159 (1990).  Sections 5--8--7(b) and (d) provide in relevant part:

"(b) The offender 
shall
 be given credit on the determinate sentence or maximum term and the minimum period of imprisonment for time spent 
in custody
 as a result of the offense for which the sentence was imposed, at the rate specified in Section 3--6--3 of this Code.  Except when prohibited by subsection (d), the trial court 
may
 give credit to the defendant for time spent 
in home detention
 *** if the court finds that the detention *** was 
custodial
.

* * *

(d) An offender sentenced to a term of imprisonment for an offense listed in paragraph (2) of subsection (c) of Section 5--5--3 of this Code 
shall not
 receive credit for time spent 
in home detention
 prior to judgment."  (Emphasis added.) 720 ILCS 5/5--8--7(b), (d) (West 1998).

Under section 5--8--7(b), a trial court 
must
 award credit if a defendant is "in custody" while awaiting trial.  Conversely, section 5--8--7(d) 
prohibits
 the court from awarding credit if the defendant is convicted of one of the offenses listed in section 5--

5--3(c)(2) of the Code (730 ILCS 5/5--5--3(c)(2) (West 1998)).  Finally, a trial court 
may
 award credit for time served in home detention if the court finds that the detention was "custodial."  720 ILCS 5/5--8--7(b) (West 1998).

Defendant first argues that he is entitled to credit for the time he served in home detention because he was "in custody" under section 5--8--7(b).  However, it is well settled that a home detainee is not "in custody" regardless of the restrictions imposed upon his conditional pretrial release.  See, 
e.g.
, 
Ramos
, 138 Ill. 2d at 156-57; 
People v. Gordon
, 207 Ill. App. 3d 352, 356 (1991).

This case is similar to 
Ramos,
 where the defendant was released on a home detention bond and was not allowed to leave his home without the prior consent of his probation officer or the court.  Our supreme court held that the term "custody" as used in section 5--8--7(b) was not intended to include the period during which a defendant is released on bond, regardless of the restrictions imposed on him during that time.  
Ramos
, 138 Ill. 2d at 160.  The court reasoned that home detention differs from confinement in a jail or a prison.  In particular, an offender detained at home is not subject to the regimentation of a penal institution and, when inside his residence, he enjoys unrestricted freedom of activity, movement, and association.  Moreover, a home detainee enjoys greater privacy than a person who is incarcerated.  
Ramos
, 138 Ill. 2d at 159.

In 
Gordon
, the defendant, a member of the Army, was charged with several sex offenses.  He was released on a recognizance bond on the condition that he " 'follow orders issued by the Army.' "  
Gordon
, 207 Ill. App. 3d at 353.  The defendant was confined to his barracks and was permitted to leave without an escort only for work.  He was ordered to report hourly each day until he went to sleep, and, for several months, he was not allowed to visit his family or use a telephone.  After a 19-month confinement, the defendant pleaded guilty to criminal sexual assault, and the trial court denied his request for credit under section 5--8--7(b).  
Gordon
, 207 Ill. App. 3d at 354.  In affirming the trial court's decision, this court held that the defendant was not entitled to a credit because he was not "in custody" when confined to the army base.  The conditions placed on defendant's pretrial release were even less restrictive than those in 
Gordon
.  In this case, defendant was free to go anywhere in his home, he was permitted to see visitors, and he was required to report only a few times per day.

In 
People v. Moss
, 274 Ill. App. 3d 77 (1995), the defendant was placed on electronic home monitoring after he was convicted of burglary.  The defendant was later convicted of possession of contraband in a penal institution after he sold cocaine to a police informant.  The Appellate Court, Fifth District, ruled that a defendant confined pursuant to the Electronic Home Detention Law (730 ILCS 5/5--8A--1 
et
 
seq
. (West 1998)) is a "committed person" who is in the custody of the Department of Corrections.  
Moss
, 274 Ill. App. 3d at 80.

Defendant argues that his pretrial home detention is similar to the electronic home monitoring in 
Moss
.  We disagree.  The defendant in 
Moss
 submitted to the monitoring program after he was convicted of burglary, but this defendant was confined to his home after he was released on bond.  Furthermore, the defendant in 
Moss
 was placed on home monitoring only after he signed an "Electronic Detention Host Agreement" whereby he agreed that his home was an extension of the Department of Corrections.  
Moss
, 274 Ill. App. 3d at 79.  Defendant signed no such agreement when he was released on bond.  Under 
Ramos
 and 
Gordon
, defendant is not entitled to a sentence credit because he was not "in custody" during the pretrial home detention, and 
Moss
 does not apply.

Defendant also argues that the trial court erroneously concluded that he was ineligible for credit pursuant to section 5--

8--7(d) of the Code.  Although he concedes that a person convicted of a Class X felony is ineligible for credit for time spent in pretrial home detention (730 ILCS 5/5--8--7(d), 5--5--3(c)(2)(C) (West 1998)), defendant contends that he was not convicted of a Class X felony because the legislature did not assign a felony classification to criminal drug conspiracy.

Defendant does not cite the relevant statutory authority or suggest what classification the legislature intended for criminal drug conspiracy.  Nevertheless, section 5--5--2(a) of the Code governs unclassified offenses and provides in relevant part:

"(a) The particular classification of each felony is specified in the law defining the felony.  Any unclassified offense which is declared by law to be a felony or which provides a sentence to a term of imprisonment for one year or more shall be a Class 4 felony."  730 ILCS 5/5--5--2(a) (West 1998).

Although the legislature did not classify the offense, a trial court may sentence a defendant convicted of criminal drug conspiracy as if he were convicted of the offense that is the object of the conspiracy.  720 ILCS 570/405.1(c) (West 1998).  In this case, defendant was convicted of criminal drug conspiracy after he agreed with another and took steps to commit unlawful delivery of between 100 and 400 grams of cocaine.  The object of the conspiracy, the unlawful delivery, is a Class X felony.  720 ILCS 570/401(a)(2)(B) (West 1998).  Therefore, it is clear that the legislature intended that defendant receive a Class X sentence and carry the label of a Class X offender.  See 
People v. Perkins
, 274 Ill. App. 3d 834, 836 (1995); 
cf.
 
People v. Arna
, 263 Ill. App. 3d 578, 589 n.1 (1994) (when an offense is subject to a Class X sentence but is not classified as a Class X offense, this is a distinction without a difference for the purposes of consecutive sentencing), 
aff'd
, 168 Ill. 2d 107 (1995).  We decide that, despite the legislature's failure to classify the offense, criminal drug conspiracy is not a Class 4 felony under section 5--5--2(a).  See 
People v. Dicostanzo
, 304 Ill. App. 3d 646, 649 (1999) (a court may look beyond the statutory language when a literal interpretation would lead to an absurd result).

In 
Perkins
, the trial court concluded that attempted murder, an unclassified offense, is a Class X felony for consecutive sentencing purposes.  The defendant appealed, arguing that consecutive sentences were not mandatory because, although a person convicted of attempted murder is sentenced as if he were a Class X felon, section 5--5--2(a) of the Code designated attempted murder as a Class 4 felony for consecutive sentencing purposes.

The Appellate Court, Fifth District, rejected defendant's argument, noting that "[t]o conclude that attempted murder carries the same penalty as a Class X offense for general sentencing but then drops back to a Class 4 offense for the purpose of imposing consecutive sentences ignores the legislative scheme and mandate -- penalties according to the seriousness of the offense."  
Perkins
, 274 Ill. App. 3d at 837.  The Fifth District's rationale applies with equal force here.  Criminal drug conspiracy becomes no less serious when we shift our attention from general sentencing to determining defendant's eligibility for a credit for time spent in pretrial home detention.  See 
Perkins
, 274 Ill. App. 3d at 837.  Therefore, we hold that, for the purposes of determining a defendant's eligibility for a home detention credit under section 5--8--7(d) of the Code, a court should treat 
criminal drug conspiracy as a Class X felony.  Because defendant was convicted of that offense, he is ineligible for a custodial credit pursuant to sections 5--8--7(d) and 5--5--3(c)(2)(C) of the Code.

In 
People v. Olivo
, 183 Ill. 2d 339 (1998), the defendant pleaded guilty to unlawful possession of a stolen vehicle, a Class 2 felony, and reckless homicide, a Class 3 felony.  The trial court sentenced him to a Class X extended-term sentence pursuant to section 5--5--3.2(b)(1) of the Code (730 ILCS 5/5--5--3.2(b)(1) (West 1998)), and defendant appealed.  Our supreme court agreed with defendant that he was ineligible for the sentence because he had never been convicted of a Class X felony.  The court held that, although the defendant's prior convictions rendered him eligible for a nonextended Class X sentence under section 5--5--3(c)(8) of the Code (730 ILCS 5--5--3(c)(8) (West 1998)), that section did not elevate the classification of the stolen vehicle offense from a Class 2 felony to a Class X offense.  
Olivo
, 183 Ill. 2d at 341.

Defendant's reliance on 
Olivo
 is misplaced.  The legislature explicitly designated unlawful possession of a stolen vehicle as a Class 2 felony but chose to leave criminal drug conspiracy unclassified.  The trial court in this case did not "reclassify" criminal drug conspiracy as defendant suggests but merely treated the unclassified offense as a Class X felony when applying section 5--8--7(d) of the Code.

In 
People v. Pullen
, 304 Ill. App. 3d 294 (1999), the Appellate Court, Third District, concluded, in a one-sentence footnote, that 
Olivo
 effectively overruled 
Perkins
.  
Pullen
, 304 Ill. App. 3d at 297 n.1.  Because we find 
Olivo
 and 
Perkins
 factually distinguishable, we respectfully disagree with the Third District's interpretation of the cases.

Finally, defendant argues that the trial court abused its discretion when it denied him credit under section 5--8--7(b) of the Code.  However, defendant essentially claims that, if section 5--8--7(d) does not render him ineligible for a credit, he is automatically entitled to the credit.  We disagree.  If a defendant is not convicted of an offense included in section 5--5--3(c)(2) of the Code, the trial court may nevertheless deny his request for credit if the home detention was not custodial.  720 ILCS 5/5--8--

7(b) (West 1998).

When denying the petition for credit, the trial court noted that defendant was permitted to leave home "six days a week, 11 hours a day for employment."  We conclude that the court's comment qualifies as a finding that the home detention was not "custodial" under section 5--8--7(b).  Because the record reveals that the trial court was apprised of the restrictions imposed as conditions of defendant's release, the finding was not against the manifest weight of the evidence.

No court has defined the standard of review for an appeal from a trial court's denial of a petition for credit under section 5--8-

-7(b).  However, we elect to use the "abuse of discretion" standard because the issue is inherently a discretionary sentencing matter.  See, 
e.g.
, 
People v. Fern
, 189 Ill. 2d 48, 53-54 (1999) (a reviewing court should not modify a sentence that is within the statutory limits unless the trial court abused its discretion).  We hold that, when section 5--8--7(b) does not entitle a defendant to a credit for time spent in pretrial home detention, a trial court's decision to deny the defendant's petition under the section should not be reversed on appeal absent an abuse of discretion.

After the trial court properly found that defendant's home detention was not custodial, section 5--8--7(b) of the Code authorized the court to decline defendant's request for credit.  Defendant does not argue that he was denied the benefit of his plea agreement or that the denial of a credit would extend his incarceration beyond the permissible statutory range for criminal drug conspiracy.  We conclude that the court did not abuse its discretion when it denied defendant's petition.

Although a trial court must grant a credit for time spent in pretrial custody, a defendant is not "in custody" when he is released on bond and confined to his residence before trial.  
Ramos
, 138 Ill. 2d at 159.  Furthermore, a trial court may not grant credit for a pretrial home detention when the defendant is convicted of a Class X felony or another offense listed in section 5--5--3(c)(2) of the Code.  In all other cases, the trial court has the discretion under section 5--8--7(b) to deny a request for credit if the court finds that the home detention was not custodial.

For these reasons, the order of the circuit court of Lake County is affirmed.

Affirmed.

BOWMAN, P.J., and INGLIS, J., concur.