No. 2--03--0424 

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Boone County.

)

Plaintiff-Appellee, )

) 

v. ) No. 01--CF--81

)

BILLY J. EFFLER, ) Honorable

) Gerald F. Grubb,

Defendant-Appellant. ) Judge, Presiding.

______________________________________________________________________________

JUSTICE BYRNE delivered 
the
 opinion of 
the
 court:

Following a jury trial, defendant, Billy J. Effler, was convicted of conspiracy to commit forgery and sentenced to five years' imprisonment pursuant to 
the
 first clause of section 8--2(c) of 
the
 Criminal Code of 1961 (the Code) (720 ILCS 5/8--2(c) (West 2000)), which provides that a person convicted of conspiracy may be imprisoned for a term not to exceed 
the
 maximum provided for 
the
 offense that is 
the
 object of 
the
 conspiracy.  
The underlying offense of forgery is a Class 3 felony.
  720 ILCS 5/17--3(d) (West 2000). 
 
Defendant's sole contention on appeal is that 
the
 trial court should have construed 
the
 
statute in its entirety and sentenced him under 
the
 last clause, 
because it applies to offenses, such as forgery, that
 are not enumerated in 
section 8--2(c) and limits 
the
 
punishment for conspiracy to commit such an offense to that allowed for a Class 4 felony
,
 which
 carries a maximum of three years (see 
730 ILCS 5/5--8--1(a)(7) (West 2000)). 
 
We agree.  

Because this case involves only a question of statutory interpretation, which we must review 
de
 
novo
 (see 
People v. Robinson
, 172 
Ill. 2d
 452, 457 (1996)), we dispense with 
the
 facts of 
the
 case.  All that is relevant here is that 
defendant
 was convicted of conspiracy to commit forgery.  Accordingly, we begin our analysis with 
the
 statute.  It provides:

"
A person convicted of conspiracy may be fined or imprisoned or both not to exceed 
the
 maximum provided for 
the
 offense which is 
the
 object of 
the
 conspiracy
, except that if 
the
 object is an offense prohibited by Sections 11--15, 11--16, 11--17, 11--19, 24--1(a)(1), 24--1(a)(7), 28--1, 28--3 and 28--4 of 
the
 'Criminal Code of 1961', approved July 28, 1961, as amended, or prohibited by Sections 404 or 406(b) of 
the
 'Illinois Controlled Substances Act', enacted by 
the
 77th General Assembly, or an inchoate offense related to any of 
the
 aforesaid principal offenses, 
the
 person convicted may be sentenced for a Class 3 felony however, conspiracy to commit treason, first degree murder, or aggravated kidnapping shall not be sentenced in excess of a Class 2 felony, 
and conspiracy to commit any offense other than those specified in this subsection, and other than those set forth in Sections 401, 402, or 407 of 
the
 Illinois Controlled Substances Act, shall not be sentenced in excess of a Class 4 felony
."  (Emphasis added.)  720 ILCS 5/8--2(c) (West 2000).

Defendant does not dispute that he was convicted of conspiracy to commit forgery and that forgery is a Class 3 felony.  720 ILCS 5/17--3(d) (West 2000).  The trial court sentenced defendant to five years' imprisonment, 
the
 maximum allowed for a Class 3 felony, based upon 
the
 language in 
the
 first clause of section 8--2(c), which permits "[a] person convicted of conspiracy to be fined or imprisoned or both not to exceed 
the
 maximum provided for 
the
 offense which is 
the
 object of 
the
 conspiracy."  720 ILCS 5/8--2(c) (West 2000).  Under defendant's reading of 
the
 statute, however, he maintains that the first clause applies to conspiracies to commit misdemeanors and that 
the
 last clause applies to his conviction, because conspiracy to commit forgery is not specifically listed in 
the
 statute.  Accordingly, 
defendant
 argues that 
the
 trial court should have sentenced him as a Class 4 offender under 
the
 last clause.  The State maintains that 
a person who is convicted of conspiracy to commit forgery 
should be sentenced under the
 first clause and that interpreting 
the
 first clause as 
applying solely to misdemeanors as defendant
 urges amounts to reading into 
the
 statute a limitation that 
the
 legislature did not express. 

Our primary objective when construing 
the
 meaning of a disputed statute is to ascertain and give effect 
to 
the
 intent of 
the
 legislature.  
People v. Zaremba
, 158 
Ill. 2d
 36, 40 (1994).  
Courts should consider the statute in its entirety, keeping in mind the subject it addresses and the legislature's apparent objective in enacting it.  
Gill v. Miller
, 94 Ill. 2d 52, 56 (1983).  The most reliable indicator of legislative intent is the language of the statute, which, if plain and unambiguous, must be read without exception, limitation, or other condition.  
People v. Lavallier
, 187 Ill. 2d 464, 468 (1999); 
People v. Robinson
, 172 Ill. 2d 452, 457 (1996). 
 

A court should not construe a statute in a manner that would lead to consequences that are absurd, inconvenient, or unjust.  A court should avoid an interpretation of a statute that would render any portion of it meaningless or void.  
Paciga v. Property Tax Appeal Board
, 322 
Ill. App. 3d
 157, 161 (2001).  Moreover, a criminal or penal statute is to be strictly construed in favor of the accused, and nothing should be taken by intendment or implication beyond the obvious or literal meaning of the statute.  
People v. Laubscher
, 183 Ill. 2d 330, 337 (1998). 
 
Any ambiguity in a penal statute must be resolved in favor of 
the
 defense.  
People v. Whitney
, 
188 Ill. 2d
 91, 98 (1999).  

When interpreting a statute, 
the
 court may consider 
the
 reason and necessity for 
the
 law, 
the
 evils sought to be remedied, and 
the
 purposes to be achieved.  
People v. Storms
, 254 
Ill. App. 3d
 139, 142 (1993).  Conspiracy requires an agreement to commit a specific crime and an overt act in furtherance of 
the
 agreement.  
People v. Moorhead
, 128 
Ill. App. 3d
 137, 141 (1984).  A conspiracy to commit a crime generally is not considered to be as serious an offense as 
the
 underlying offense itself, unless 
the
 legislature intends otherwise.  Therefore, 
the
 legislature's classifications of  conspiracies should ensure that 
the
 sentencing structure is proportionate to 
the
 seriousness of 
the
 underlying offenses, with realistic maximums. 

Applying these principles to 
the
 present case, we have carefully examined 
the
 statute to determine whether 
the
 last clause applies to conspiracy to commit forgery.  We find that it does.  

It is clear that 
the
 first clause is a general provision that "sets 
the
 ceiling" for persons convicted of conspiracies.  It directs 
the
 court that "[a] person convicted of conspiracy may be fined or imprisoned or both not to exceed 
the
 maximum provided for 
the
 offense which is 
the
 object of 
the
 conspiracy."  720 ILCS 5/8--2(c) (West 2000).  In other words, 
the
 legislature intends that 
the
 conspiracy offender cannot be punished more severely for 
the
 conspiracy offense than 
he or she would be punished for the
 underlying offense.  T
he
 first clause appears to apply to both felony 
and
 misdemeanor offenses, as 
the
 only limitation it sets is that 
the
 person convicted of 
the
 conspiracy offense may be "fined" or "imprisoned" or "both."  

The second clause of section 8--2(c) applies to certain enumerated misdemeanors and other offenses, such as those prohibited by section 404 or 406(b) of 
the
 Illinois Controlled Substances Act (720 ILCS 570/404, 406(b) (West 2000)), and it is relevant to this case only in 
that conspiracy to commit forgery is not listed there.  Similarly, the third clause of section 8--2(c) applies to conspiracies to commit 
the
 capital offenses of treason, first-degree murder, and aggravated kidnapping.  Clearly, conspiracy to commit forgery is not enumerated in 
the
 third clause either.   

The final clause, however, provides that conspiracy to commit any offense not specified in 
the
 statute 
"shall not be sentenced in excess of a Class 4 felony."  720 ILCS 5/8--2(c) (West 2000).  Therefore, unlike 
the
 first clause of section 8--2(c), 
the
 final clause distinguishes between conspiracies to commit felonies and misdemeanors.  Clearly, 
the
 legislature has reduced 
the
 maximum punishment for those felony conspiracy offenses that are not specifically enumerated in 
the
 statute
.  An isolated reading of 
the
 first clause would indicate that conspiracy to commit any felony may be punished as severely as 
the
 underlying offense.  However, for conspiracy to commit an unspecified felony, 
the
 final clause reduces 
the
 punishment to no greater than 
the
 maximum for a Class 4 felony
. 
 

Construing 
the
 statute in its entirety, we hold that, for offenses that are not enumerated in section 8--2(c), 
the
 final clause limits 
the
 maximum punishment for conspiracy to commit a felony to that allowed for a Class 4 felony, 
and 
the
 first clause limits 
the
 maximum punishment for conspiracy to commit a misdemeanor to 
the
 maximum provided for 
the
 underlying misdemeanor.  Logically
, conspiracy to commit any misdemeanor other than those mentioned in the statute would be within  only 
the
 first clause of 
section 8--2(c)
. 
 We emphasize that 
the
 first clause of section 8--2(c) would also apply to sections 401, 402, and 407 of 
the
 Illinois Controlled Substances Act (720 ILCS 570/401, 402, 407 (West 2000))
.  Conspiracy  to commit an offense under sections 401, 402, and 407 may not be punished more severely than the
 underlying offense.  Furthermore, 
the
 last clause cannot apply to a misdemeanor because a court cannot punish someone for conspiracy to commit a misdemeanor
 to 
the
 extent of a Class 4 felony.  To read this any other way would lead to an absurd result clearly not intended by 
the
 legislature.

Certainly, if we were to a
pply 
the
 
first clause of 
the
 statute in 
the
 manner 
the
 State asserts, it would lead to
 consequences 
the
 legislature sought to avoid.  For example, if punishment were to be handed out according to 
the
 first clause, then a person who conspired
 
to commit armed robbery could be sentenced in line with a Class X felony (see 720 ILCS 5/18--2(b) (West 2000)).  However, 
the
 specific limitations of 
the
 third clause of section 8--2(c) provide that conspiracy to commit first-degree murder can be punished only to 
the
 extent of a Class 2 felony.  The legislature could not have intended to punish a person who conspired to commit armed robbery more severely than a person who conspired to commit first-degree murder.  
Furthermore, if we were to apply the first clause to a person convicted of conspiracy to commit an unspecified felony
, then 
the
 last clause would be rendered meaningless.  Additionally, such an interpretation would not favor 
the
 accused.  As we have interpreted the statute, the legislature's classifications of conspiracies ensure that the 
sentencing structure is proportionate to the
 seriousness of the underlying offense.  

The State also argues that, in 
People v. Gonzales
, 314 
Ill. App. 3d
 993 (2000), we held that 
the
 
defendant
's conviction of criminal drug conspiracy made him ineligible for custodial sentence credit pursuant to sections 5--8--7(d) and 5--5--3(c)(2)(C) of 
the
 Unified Code of Corrections (730 ILCS 5/5--8--7(d), 5--5--3(c)(2)(C) (West 1998)).  Noting that 
the
 sentencing scheme created by section 405.1(c) of 
the
 Controlled Substances Act (720 ILCS 570/405.1(c) (West 1998)) permits a 
defendant
 convicted of criminal drug conspiracy to be sentenced as if he were convicted of 
the
 offense that was 
the
 object of 
the
 conspiracy, which in 
Gonzales
 was a Class X unlawful delivery of cocaine, we found that 
the
 legislature clearly intended that such a 
defendant
 receive a Class X sentence and carry 
the
 label of a Class X offender.  
Gonzales
, 314 
Ill. App. 3d
 at 997.  The State recognizes that 
the
 sentencing statute at issue in 
Gonzales
 differs from that in 
the
 present case, but nevertheless believes that we should follow our reasoning in 
Gonzales
; that, with few exceptions, 
the
 legislature intends to punish group criminal activity based upon 
the
 seriousness of 
the
 offense that is 
the
 object of 
the
 conspiracy.

Our interpretation of section 8--2(c) does not deviate from the principle that 
the
 legislature intends to structure punishment in proportion to 
the
 seriousness of 
the
 offense.  However, in the 
Gonzales
 case, we applied a provision that 
the
 legislature specifically added to 
the
 calculated drug conspiracy statute, mandating that 
the
 sentence may not be less than 
the
 minimum nor more than 
the
 maximum provided for 
the
 offense that is 
the
 object of 
the
 conspiracy.  720 ILCS 570/405.1(c) (West 1998).  Section 8--2(c) otherwise has no application to a calculated drug conspiracy case.

Finally, we direct 
the
 State to 
People v. King
, 140 
Ill. App. 3d
 937 (1985), 
wherein we 
held that 
the
 trial court erred in determining that conspiracy to commit robbery is a Class 2 felony,
 and we found 
that 
the
 sentence for conspiracy to commit robbery cannot be in excess of that for a Class 4 felony under 
section 8--2(c) (Ill. Rev. Stat. 1983, ch. 38, par. 8--2(c))
.  
King
, 140 
Ill. App. 3d
 at 945.  
At 
that time, 
the
 statute was virtually 
the
 same as it is today.
  While we did not analyze 
whether conspiracy to commit robbery, which was not enumerated in 
the
 statute, properly fell within the
 last clause of 
the
 statute, it is evident that we applied 
the
 last clause because 
the
 underlying offense of robbery at 
the
 time was a Class 2 felony (see Ill. Rev. Stat. 1983, ch. 38, par. 18--1(b)) and, under 
the
 last clause of section 8--2(c), the defendant's conspiracy offense fell within 
the
 lower classification of a Class 4 felony.

For the reasons stated, pursuant to Supreme Court Rule 615(b)(4) (134 
Ill. 2d
 R. 615(b)(4)), we vacate 
the
 five-year sentence and, because 
defendant
 does not request a new sentencing hearing but requests that 
the
 maximum sentence for a Class 4 felony be imposed
, we modify 
defendant
's sentence to 
the
 maximum term for a Class 4 felony, which is three years.  See 730 ILCS 5/5--8--1(a)(7) (West 2000).

Affirmed as modified.

KAPALA and GILLERAN JOHNSON, JJ., concur.