# Illinois Official Reports

## Appellate Court

---

### *People v. White*, 2013 IL App (2d) 120205

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIE J. WHITE, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-12-0205 |
| Filed<br>Rehearing denied | December 26, 2013<br>February 21, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The dismissal of defendant's original postconviction petition as frivolous and patently without merit was affirmed, and the trial court's order rejecting defendant's "Motion to Amend Post Conviction Petition," which the court construed as an attempt to file a successive postconviction petition without proper leave of the court, was modified to be a denial of defendant's motion to amend without prejudice to defendant's right to properly seek leave to file a successive petition and was affirmed as such. |
| Decision Under Review | Appeal from the Circuit Court of Winnebago County, No. 06-CF-5051; the Hon. Joseph G. McGraw, Judge, presiding. |
| Judgment | Affirmed as modified. |
| Counsel on Appeal | Alan D. Goldberg and Kieran M. Wiberg, both of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Joseph P. Bruscato, State's Attorney, of Rockford (Lawrence M. Bauer and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

Panel           PRESIDING JUSTICE BURKE delivered the judgment of the court, with opinion.

Justices McLaren and Birkett concurred in the judgment and opinion.

## OPINION

¶ 1      A jury found defendant, Willie J. White, guilty of second-degree murder (720 ILCS 5/9-2(a)(1) (West 2006)), and the court sentenced him to 20 years' imprisonment. He appealed, challenging the sentence only, and we affirmed. *People v. White*, No. 2-09-0669 (2011) (unpublished order under Supreme Court Rule 23).

¶ 2      On December 21, 2011, defendant filed a petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2010)), asserting that he had received ineffective assistance of counsel. On January 6, 2012, the court entered an order dismissing the petition as frivolous and patently without merit pursuant to section 122-2.1(a)(2) of the Act. 725 ILCS 5/122-2.1(a)(2) (West 2012).

¶ 3      On January 23, 2012, the court received defendant's "Motion to Amend Post Conviction Petition" asking the court to "accept[ ] the attached" petition. The motion proper was three sentences long. The attached proposed amended petition expanded on the claims of the original petition. (A letter filed the same day showed that defendant was aware of the dismissal but thought that it had happened so fast that it was likely a mistake.)

¶ 4      On February 6, 2012, defendant filed a notice of appeal relating to the dismissal of the original petition. On February 10, 2012, the court stated, "[t]he defendant has attempted to file a successive post-conviction petition without leave of court, without showing cause or prejudice," so, "[a]ccordingly, it is not filed."

¶ 5      Defendant moved in this court for a summary remand to allow the trial court to rule on the January 23, 2012, motion as either a motion to amend or a motion for reconsideration. We denied the motion. Defendant then sought and received a supreme court supervisory order allowing the February 6, 2012, notice of appeal to serve as a notice of appeal of the February 10, 2012, ruling.

¶ 6      In this appeal, defendant challenges only the February 10, 2012, ruling. He argues that the rule in *People v. Pearson*, 216 Ill. 2d 58 (2005), applies to the February 10, 2012, ruling so that the trial court was required to give him the admonishments mandated by that holding. The *Pearson* court stated "that prior to recharacterizing as a successive postconviction petition a pleading that a *pro se* litigant has labeled as a different action cognizable under Illinois law" the court must tell the petitioner that the petition will be subject to the restrictions on successive petitions and give the petitioner the option to withdraw or amend the petition. *Pearson*, 216 Ill. 2d at 68. The State responds that, because the filing was in fact a second postconviction petition, it could not be "a different action cognizable under Illinois law," and *Pearson* thus does not apply.

¶ 7        *Pearson* does not apply here, not for the reason that the State suggests, but because the proposed amended petition was not a new pleading at all and could not be treated as one: the court should have considered the amended petition only as an adjunct to the motion for leave to amend. A proposed amended pleading that a party submits as part of a motion for leave to file "is not yet a part of a judicial proceeding and has no legal effect until the motion is granted." *Kurczaba v. Pollock*, 318 Ill. App. 3d 686, 703 (2000) (stating that rule in a purely civil context). The adjunct to the motion could not be a successive postconviction petition–or any other sort of pleading–unless the court granted the motion and allowed its filing. A court cannot address a proposed amended pleading independently of the underlying motion to amend.

¶ 8        Here, the record shows that the court never considered the motion to amend as such, perhaps because the court saw only the attachment to the motion, and not the motion proper. The motion was, in fact, a motion to amend the original postconviction petition and not a motion to reconsider or a motion to file a successive petition. It was clearly captioned as a motion to amend, and appended to the motion was the proposed amended petition that sought to expand on the original petition. The motion did not in any way challenge the trial court's dismissal order.

¶ 9        Had the court considered the motion to amend, it would necessarily have had to deny it. Section 122-5 of the Act (725 ILCS 5/122-5 (West 2012)) provides that the court may allow amendments to postconviction petitions "as is generally provided in civil cases." This section grants the trial court discretion to allow amendments at any stage of postconviction proceedings, including the first stage, prior to final judgment. *People v. Harris*, 224 Ill. 2d 115, 131 (2007); *People v. Watson*, 187 Ill. 2d 448, 454 (1999) (Freeman, C.J., specially concurring). First-stage dismissals pursuant to section 122-2.1(a)(2) constitute final judgments. *Watson*, 187 Ill. 2d at 454 (Freeman, C.J., specially concurring). Once a petition is dismissed at the first stage, a defendant can either file a motion to reconsider or challenge the dismissal on appeal. *People v. Blair*, 215 Ill. 2d 427, 451 (2005). Here, defendant did neither. Defendant's motion to amend was filed after his original petition was dismissed as frivolous and patently without merit, and it was thus an impermissible attempt to amend under section 122-5.

¶ 10       The proper resolution here is to modify the court's rejection of the "successive postconviction petition" such that it is a denial of defendant's motion for leave to amend. This modification properly disposes of the proposed amended petition. This disposition is without prejudice to defendant's right to seek leave to file a successive petition as provided for by the Act. See 725 ILCS 5/122-1(f) (West 2012).

¶ 11       For the reasons stated, we affirm the dismissal of defendant's original postconviction petition and affirm the order of February 10, 2012, as modified to be a denial of defendant's motion to amend.

¶ 12       Affirmed as modified.