2019 IL App (1st) 162905-U
Order filed: November 8, 2019

FIRST DISTRICT
FIFTH DIVISION

No. 1-16-2905

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 04 CR 13517 |
| | ) | |
| TONY SHANKLIN, | ) | Honorable |
| | ) | Mary Margaret Brosnahan, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Hoffman and Justice Delort concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirmed the court's order finding that defendant's amended post-conviction petition was untimely because it was filed after the original petition had been summarily dismissed, and denying him leave to file a successive petition.

¶ 2    A jury convicted defendant, Tony Shanklin, of three counts of first-degree murder, one count of home invasion, and two counts of aggravated criminal sexual assault. The trial court sentenced him to a total of 110 years in prison. On direct appeal, this court affirmed. See *People v. Shanklin*, 2014 IL App (1st) 120084. Defendant subsequently filed a *pro se* post-conviction petition, which the post-conviction court dismissed at the first stage as frivolous and patently

without merit. Defendant then filed an "amended petition for post conviction relief," which the court treated as a successive petition. On May 26, 2016, the court denied defendant leave to file the successive petition. Defendant appeals the May 26 order. We affirm.[1]

¶ 3    At trial, the evidence established that in the early morning hours of November 20, 2003, defendant entered the victim's apartment through a partially open rear bedroom window. He was looking for money and small items he could easily carry away and sell to buy drugs. The victim entered the apartment and saw defendant's reflection on some glass doors. Defendant then approached the victim, grabbed her, and forced her into the bedroom. He tied her hands and stuffed a sock in her mouth. Defendant pulled her pants down and sexually assaulted her. The victim began having an asthma attack, and defendant splashed some water in her face. Defendant took $11 and the victim's car keys and left the apartment. The victim died. The medical examiner concluded that she died as a result of asphyxia due to gagging and that the manner of death was homicide.

¶ 4    The jury convicted defendant of three counts of first-degree murder, one count of home invasion, and two counts of aggravated criminal sexual assault. The trial court merged the home invasion count and the three first-degree murder counts into one count of first-degree murder. The court sentenced defendant to a 60-year term of imprisonment for the first-degree murder conviction and to two 25-year terms of imprisonment for the aggravated criminal sexual assault convictions, to be served consecutively.

¶ 5    On direct appeal, defendant argued that: the trial court erred in holding a hearing pursuant to *Frye v. United States,* 293 F. 1013 (D.C. Cir. 1923), to determine the admissibility of certain

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order stating with specificity why no substantial question is presented.

test results regarding his susceptibility to interrogation techniques and in finding that those test results did not meet the *Frye* standard for admissibility; the trial court erred in denying his amended motion to suppress; and the trial court relied on an improper factor when imposing sentence. See *People v. Shanklin*, 2014 IL App (1st) 120084. This court affirmed. *Id.* ¶ 1.

¶ 6 On March 4, 2015, defendant filed a *pro se* post-conviction petition alleging: he was convicted and sentenced for a nonexistent crime; the State misstated the evidence during its opening statement and closing argument; the State failed to present any evidence to support his conviction for home invasion; the trial court improperly merged some offenses together while leaving other offenses intact; the trial court imposed an illegal sentence; his trial counsel was ineffective; and his appellate counsel was ineffective. On May 28, 2015, the post-conviction court summarily dismissed defendant's petition at the first stage as frivolous and patently without merit.

¶ 7 Defendant subsequently mailed an "amended petition for post conviction relief" on June 25, 2015, which was filed in the circuit court on June 30, 2015. In this amended petition, defendant alleged: he was charged with a crime that did not exist; he received ineffective assistance of trial counsel, where trial counsel did not raise the preceding issue, did not call witnesses, and did not cross-examine witnesses; and there was insufficient evidence to sustain his conviction. The post-conviction court entered an order on May 26, 2016, which treated the "amended petition" as a new, successive petition, found that defendant's claims were barred by *res judicata* and were frivolous and patently without merit, and denied him leave to file the successive petition. Defendant appeals the May 26 order.

¶ 8 A post-conviction petition is a collateral attack on a conviction and sentence and is limited to constitutional matters that have not been, nor could have been, previously decided.

*People v. Logan*, 2011 IL App (1st) 093582, ¶ 30. In a noncapital case, the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)) provides a three-stage process for post-conviction relief. At the first stage, the post-conviction court must examine the petition within 90 days of its filing, and determine whether it is frivolous or patently without merit. *People v. Watson*, 187 Ill. 2d 448, 450 (1999); 725 ILCS 5/122-2.1 (West 2016). A petition may be summarily dismissed at the first stage as frivolous or patently without merit if the petition has no arguable basis either in law or in fact (*People v. Hodges*, 234 Ill. 2d 1, 11-12 (2009)), *i.e.*, if it was based on an indisputably meritless legal theory or a fanciful factual allegation. *Id.* at 16. If the court fails to rule on the petition within 90 days of its filing, the petition must be advanced for second-stage proceedings including the appointment of counsel. *Watson*, 187 Ill. 2d at 451; 725 ILCS 5/122-2.1(b)(West 2016). When a defendant has filed a post-conviction petition and subsequently files an amended petition before the original petition has been ruled on, the 90-day period in which the court must examine defendant's petition and enter an order thereon is restarted from the date of the filing of the amended petition. *Watson*, 187 Ill. 2d at 451.

¶ 9 Defendant here argues that, under the mailbox rule, in which pleadings are considered timely filed on the day they are placed in the prison mail system (*People v. Shines*, 2015 IL App (1st) 121070, ¶ 31), his amended petition was filed on June 25, 2015, when he placed it in the mail at the Menard Correctional Center. Defendant contends that the 90-day period for ruling on the amended petition was restarted on the date of its filing, June 25, 2015. The court did not rule on the amended petition until May 26, 2016, more than 90 days after its filing, and therefore defendant contends that we must reverse the dismissal order and remand for second-stage proceedings.

¶ 10     We disagree. The Act states that "[t]he court may in its discretion make such order as to amendment of the petition *** as shall be appropriate, just and reasonable and as is generally provided in civil cases." 725 ILCS 5/122-5 (West 2016). In civil cases, section 2-616(a) of the Code of Civil Procedure provides that "[a]t any time *before final judgment* amendments may be allowed on just and reasonable terms." (Emphasis added.) 735 ILCS 5/2-616(a) (West 2016). Thus, any amendment to a post-conviction petition necessarily must be made before a final judgment is rendered on the original petition. *People v. White*, 2013 IL App (2d) 120205, ¶ 9; *People v. Smith*, 2013 IL App (4th) 110220, ¶ 23.

¶ 11     Defendant here filed his initial petition on March 4, 2015, which the post-conviction court summarily dismissed on May 28, 2015. The May 28, 2015, dismissal order constituted a final judgment on the petition. See *Smith*, 2013 IL App (4th) 110220, ¶ 23 ("An order dismissing a defendant's postconviction petition at the first stage under the Act constitutes a final judgment"). As the May 28, 2015, dismissal order constituted a final judgment on the petition, any amendment had to be filed prior thereto in order to be timely and to restart the 90-day period within which the court was to examine the amended petition and enter an order thereon. *Id.*; 735 ILCS 5/2-616(a)(West 2016). However, defendant's amended petition was filed on June 25, 2015, *subsequent* to the May 28, 2015, dismissal order, and therefore it was untimely and did not restart the 90-day period within which the court was to enter an order on the amended petition. See *Smith*, 2013 IL App (4th) 110220, ¶ 23; *White*, 2013 IL App (2d) 120205, ¶ 9. Accordingly, contrary to defendant's argument, the post-conviction court was not required to rule on his amended petition within 90 days of its filing.

¶ 12     Defendant contends, though, that his June 25, 2015, amended petition also effectively served as a post-judgment motion attacking the May 28, 2015, dismissal order. Defendant argues

that as a post-judgment motion, it was timely filed within 30 days of the May 28 dismissal order (see 735 ILCS 5/2-1202(c) (West 2016)), and that it tolled the finality of the dismissal order until the court disposed of the amended petition in its order entered on May 26, 2016. See Illinois Supreme Court Rule 274 (eff. July 1, 2019) ("Until disposed, each timely postjudgment motion shall toll the finality and appealability of the judgment or order at which it is directed"). Defendant argues that as the finality of the dismissal order was tolled until May 26, 2016, his amended petition filed almost one year prior thereto, on June 25, 2015, came before the final judgment was entered and therefore it also restarted the 90-day clock. Since the court waited more than 90 days before ruling on the amended petition, defendant contends that we should reverse and remand for second-stage proceedings.

¶ 13   Defendant's argument is unavailing. In order to toll the finality of a first-stage dismissal of a post-conviction petition, defendant must file a motion to reconsider the dismissal order. *White*, 2013 IL App (2d) 120205, ¶ 9. Defendant's June 25, 2015, pleading cannot be considered a motion to reconsider the May 28, 2015, order dismissing his original petition, but rather it was strictly an "amended petition for post conviction relief" that sought to add additional facts and new claims of constitutional violations and did not challenge the dismissal order. In the absence of a motion to reconsider, the May 28 dismissal order remained the final judgment on the original petition. As the amended petition was filed after the dismissal order, it was untimely and did not restart the 90-day period within which the court was to enter a ruling thereon. *Id.*

¶ 14   As defendant's amended petition was filed after the dismissal order, the post-conviction court properly treated it as a successive petition. See *Smith*, 2012 IL App (4th) 110220, ¶ 23 (a petition filed subsequent to the first-stage dismissal of the original petition must be considered as

a successive petition.) The court ultimately denied defendant leave to file the successive petition. We proceed to examine the court's ruling.

¶ 15 The Act contemplates the filing of only one post-conviction petition. See 725 ILCS 5/122-1(f)(West 2016). A successive petition may be considered only when defendant: (1) established "cause and prejudice" for the failure to raise the claim earlier; or (2) makes a claim of actual innocence. *People v. Ortiz*, 235 Ill. 2d 319, 329-30 (2009). Defendant here makes no argument that he established either "cause and prejudice" or that he made a claim of actual innocence, and therefore he has forfeited review. See Illinois Supreme Court Rule 341(h)(7) (eff. May 25, 2018).

¶ 16 For all the foregoing reasons, we affirm the circuit court.

¶ 17 Affirmed.