2021 IL App (2d) 200588-U
No. 2-20-0588
Order filed December 17, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of De Kalb County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 09-CF-303 |
| CASSIDY J. GREEN, | ) ) ) | Honorable Philip G. Montgomery, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BRENNAN delivered the judgment of the court.
Justices Hutchinson and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where defendant's initial postconviction petition did not include the statutorily required documentary support or an explanation for its absence, defendant's batch of documents filed two months later—including a copy of the initial petition and defendant's affidavit explaining the absence of supporting documents—constituted an amended petition, and therefore the 90-day review period should be calculated from the filing of that amended petition.

¶ 2    Defendant, Cassidy J. Green, appeals the trial court's first-stage dismissal of his petition filed under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)). He contends that, because more than 90 days had passed since he filed the petition, the petition

advanced to the second stage of postconviction review and summary dismissal was improper. We affirm.

¶ 3                                I. BACKGROUND

¶ 4        In July 2009, defendant pleaded guilty to unlawful possession of a weapon by a felon (720 ILCS 5/24.1.1(a) (West 2008)), and the court sentenced him to 30 months in prison. Defendant did not move to withdraw his plea or file a direct appeal.

¶ 5        On May 14, 2020, defendant filed a *pro se* petition under the Act (725 ILCS 5/122-1 *et seq.* (West 2018)). In it, defendant alleged that (1) he was denied the effective assistance of counsel "throughout the entirety of the proceedings," (2) he was denied the effective assistance of counsel where counsel "failed to investigate the testimony of alleged eyewitness statements," (3) there was no evidence tying him to the alleged weapon, and (4) he was innocent and a "systemic target" of certain police officers. The petition was file-stamped on May 14, 2020. There were no attachments.

¶ 6        Two months later, in July 2020, defendant filed several additional documents: (1) a notarized affidavit, in which he averred that (a) he had "attempted to obtain access to discovery[-]related materials to no avail," (b) he "has remained un-able [*sic*] to attach certain documents, memoranda, reports, affidavits, or otherwise in support of said Petition," and (c) "a multitude of factors have negatively impacted [his] ability to demonstrate [his] claim of actual innocence"; (2) a "Motion for Discovery"; (3) a motion to "Obtain Access to Copies"; (4) a Rule 23 order from this court (involving defendant but unrelated to the present case); and (5) a copy of his initial file-stamped postconviction petition. Defendant also filed a "Certificate of Service," indicating that, on July 15, 2020, he placed the above-referenced documents in the mail at Pinckneyville Correctional Center addressed to the circuit clerk of De Kalb County. The documents were file-stamped on July 20, 2020.

¶ 7    On August 26, 2020, more than 90 days after defendant filed his initial petition, the trial court entered a written order addressing the substance of the allegations and finding them meritless.

¶ 8    On September 9, 2020, defendant filed a 25-page motion for reconsideration, arguing, among other things, that the trial court erred in failing to examine the petition within 90 days of its filing.

¶ 9    On September 18, 2020, the trial court reentered its previous written order, without addressing the 90-day limit.

¶ 10    Defendant timely appealed.

¶ 11                                II. ANALYSIS

¶ 12    Defendant contends that, because the trial court's summary dismissal of his petition fell outside the statutorily mandated 90-day review period, the dismissal must be reversed, and the matter remanded for second-stage proceedings on the petition.[1] The State responds that defendant's documents filed in July 2020 constituted an amended petition that superseded his initial petition. Thus, according to the State, the 90-day review period should be calculated from the filing of the July 2020 amended petition, bringing the August 26, 2020, dismissal well within the 90-day review period. We agree with the State.

¶ 13    The Act provides a means by which a defendant may challenge his conviction or sentence based on violations of federal or state constitutional rights. *People v. Pendleton*, 223 Ill. 2d 458, 471 (2006). There is a three-stage process for the adjudication of a defendant's postconviction

---

[1] Defendant has not raised any arguments in support of the substance of his claims in his petition. Instead, defendant proceeds solely on his argument that the trial court's failure to consider his petition within 90 days requires a remand for second-stage proceedings on the petition.

petition. See *id.* at 471-72. At the first stage of postconviction proceedings, the trial court has 90 days to examine the petition and may within that period summarily dismiss the petition if the court finds the allegations are frivolous and patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2020); *Pendleton*, 223 Ill. 2d at 472. The 90-day period begins to run when the petition is filed and docketed. 725 ILCS 5/122-2.1(a) (West 2020). "The 90-day time requirement is mandatory and a trial court's noncompliance with the time requirement renders a summary dismissal order void." *People v. Swamynathan*, 236 Ill. 2d 103, 113 (2010). "[W]hen a defendant who has filed an original post-conviction petition subsequently files an amended petition, the 90-day period in which the court must examine the defendant's petition and enter an order thereon is to be calculated from the filing of the amended petition." *People v. Watson*, 187 Ill. 2d 448, 451 (1999). If the petition is not dismissed within the 90 days, the petition proceeds to the second stage of consideration under the Act, and counsel will be appointed. 725 ILCS 5/122-2.1(b), 122-4 (West 2018); *Swamynathan*, 236 Ill. 2d at 114. Our review of a first-stage summary dismissal is *de novo*. *People v. Henderson*, 2011 IL App (1st) 090923, ¶ 19.

¶ 14    The question here is whether the documents mailed by defendant on July 15, 2020, and file-stamped on July 20, 2020, can be construed as a properly filed amended petition. If so, then the 90-day period in which the court must examine the petition and enter its order thereon is calculated from the filing date of the amended petition (see *Watson*, 187 Ill. 2d at 451), rather than from the filing date of the initial petition. Thus, the trial court's August 26, 2020, ruling on the petition would have been timely.

¶ 15    The State argues that defendant's subsequent filings should be considered an amended petition. The State points out that defendant's initial petition lacked the statutorily required affidavits and other supporting evidence. See 725 ILCS 5/122-2 (West 2018) ("The petition shall

have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached."); see also *People v. Delton*, 227 Ill. 2d 247, 255 (2008) ("[T]he failure to either attach the necessary affidavits, records, or other evidence or explain their absence is fatal to a post-conviction petition and by itself justifies the petition's summary dismissal." (Internal quotation marks and citations omitted.)). Therefore, according to the State, because the initial petition was incomplete, defendant necessarily had to file an amended petition that included the requisite documentary support. The State notes that defendant included with those documents a copy of his initial petition. The State further asserts that the "amended filing is best exemplified by the Certificate of Service, which lists the later date and the accompanying evidence missing from the original filing."

¶ 16    Defendant replies that (1) his subsequent filings were not an attempt to amend his initial petition but rather an attempt to obtain discovery materials from the State and trial court, and (2) even if his filings could be construed as an attempt to amend the petition, the trial court never allowed the amendment.

¶ 17    The Act generally contemplates the filing of one postconviction petition. *People v. Smith*, 2013 IL App (4th) 110220, ¶ 20. However, a defendant may request leave to amend a postconviction petition or seek leave to file a successive petition. *Id.* ¶¶ 20, 23. Section 122-5 governs amendments and provides that "[t]he court may in its discretion make such order as to amendment of the petition *** as shall be appropriate, just and reasonable and as is generally provided in civil cases." 725 ILCS 5/122-5 (West 2018). "This section grants the trial court discretion to allow amendments at any stage of postconviction proceedings, including the first stage, prior to final judgment." *People v. White*, 2013 IL App (2d) 120205, ¶ 9. Generally, when a

party asks to amend a postconviction pleading, leave to do so is freely given. See *People v. Brown*, 336 Ill. App. 3d 711, 716 (2002).

¶ 18  Here, although the record does not indicate that defendant specifically requested leave to file an amended petition, the nature of his filings makes that intent clear. As the State notes, defendant's initial petition was deficient, in that defendant neither attached the requisite "affidavits, records, or other evidence supporting its allegations" nor "state[d] why the same are not attached." See 725 ILCS 5/122-2 (West 2018). The obvious deficiency in defendant's initial petition would have warranted the initial petition's summary dismissal. Defendant's subsequent filings, which included a copy of the petition *and* his affidavit explaining why he could not attach the necessary evidence, were undoubtedly an attempt to amend his initial petition. Attempts by defendants to amend postconviction petitions are to be liberally construed. See *People v. Scullark*, 325 Ill. App. 3d 876, 880-82 (2001).

¶ 19  Defendant argues that the trial court never granted him leave to amend his initial petition or treated it as an amended petition. In *White*, we stated that "[a] proposed amended pleading that a party submits as part of a motion for leave to file 'is not yet part of a judicial proceeding and has no legal effect until the motion is granted.' " *White*, 2013 IL App (2d) 120205, ¶ 7 (quoting *Kurczaba v. Pollock*, 318 Ill. App. 3d 686, 703 (2000)). However, defendant did not submit his amended petition as part of a motion for leave to file; instead, he simply filed it. And contrary to defendant's argument, the record supports a conclusion that the trial court treated the subsequent filings as an amended petition (thereby implicitly allowing the amendment). Specifically, the trial court ruled on the petition's substance rather than dismiss it for lack of supporting documentation, which, as noted, would have been warranted.

¶ 20   Accordingly, based on the foregoing, we hold that the summary dismissal of defendant's amended *pro se* postconviction petition was timely.

¶ 21                                    III. CONCLUSION

¶ 22   For the reasons stated, we affirm the judgment of the circuit court of De Kalb County.

¶ 23   Affirmed.