2023 IL App (1st) 200481
No. 1-20-0481
Order filed May 15, 2023

First Division

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 18 CR 10296 |
| ANTHONY GRAYER, | ) ) | |
| Defendant-Appellant. | ) ) ) | The Honorable Alfredo Maldonado, Judge, presiding. |

JUSTICE HYMAN delivered the judgment of the court.
Presiding Justice Lavin and Justice Coghlan concurred in the judgment.

**ORDER**

¶ 1     *Held*: Further proceedings required where the defendant filed a notice of appeal from a nonfinal judgment. The postconviction court dismissed the original postconviction petition but did not rule on the "amended petition."

¶ 2     Petitioner Anthony Grayer pled guilty to an amended charge of possession of a controlled substance under a negotiated plea agreement. The court accepted his plea and sentenced him. Grayer filed an initial postconviction petition asserting substantive claims, which the postconviction court summarily dismissed within the 90-day time required under the Postconviction Hearing Act. 725 ILCS 5/122-2.1 (West 2018). Grayer also filed an "amended petition" the postconviction court purportedly recharacterized as a motion for leave to file a successive petition and continued the

matter until early March. On February 21, Grayer filed a notice of appeal from the summary dismissal. That is, Grayer appealed from a nonfinal order.

¶ 3        Illinois Supreme Court Rule 606(b) ("Perfection of Appeal.") provides "[a]ppeals shall be perfected by filing a notice of appeal with the clerk of the trial court." This is the only jurisdictional step. IL S CT Rule 606 (eff. Jan. 1, 2023). The rule further provides that when a timely posttrial or postsentencing motion directed against the judgment has been filed by counsel or by a *pro se* defendant, a notice of appeal filed before the entry of the order disposing of all pending postjudgment motions "shall have no effect, and shall be stricken by the trial court."

¶ 4        Under Rule 606(b), the postconviction court erred by failing to strike Grayer's notice of appeal. Accordingly, we vacate the postconviction court's January 30, 2020 order dismissing Grayer's original petition, strike the notice of appeal, and remand for second-stage postconviction proceedings on the superseding petition because the 90-day limit has expired.

¶ 5                                    Background

¶ 6      In 2018, Anthony Grayer was indicted in three cases with the delivery of fentanyl. On February 5, 2019, Grayer pled guilty to an amended charge of possession of a controlled substance under a negotiated plea agreement. Grayer waived his right to a presentencing investigation. The trial court sentenced him to an extended term of five years imprisonment. 730 ILCS 5/5-8-2 (West 2018). (Grayer was subject to an extended term due to felony convictions). The court admonished Grayer that he had 30 days to file a written motion to withdraw his guilty plea and vacate the judgment; Grayer stated he understood.

¶ 7      More than three months later, on May 28, Grayer filed a motion captioned "Petition to Vacate Judgment (Plea) Under 2-1401." Grayer averred he did not know about a potential defense involving an investigative alert until March 10, 2019. On June 20, 2019, Grayer filed *pro se* an

"amended" 2-1401 petition, reasserting an unlawful arrest because the investigative alert was based on untrue accounts by police officers to establish probable cause. Grayer stated that he had proof that he was not in Chicago on the 2018 dates specified in the investigative alert.

¶ 8    Grayer filed an amended section 2-1401 petition to vacate judgment on June 20, and the State moved to dismiss the petition. On August 16, the postconviction court held a hearing on the petition and a motion for discovery. The postconviction court explained to Grayer that he missed the deadline to file a motion to withdraw his plea as he did not file a motion to withdraw his plea within 30 days. The court granted the motion to dismiss because the section 2-1401 petition was improper to assert claims about events that occurred outside of court.

¶ 9    On November 6, 2019, Grayer filed *pro se* a "post-conviction petition." The petition mostly repeated the claims asserted in the section 2-1401 petition. Two months later, Grayer filed an "amended" *pro se* postconviction petition, claiming: (i) his arrest was unlawful because it was effectuated under an investigative alert and not a warrant, and (ii) police had no probable cause to arrest Grayer when the alert contained false information (incorrect dates). Also. Grayer argued his counsel had been ineffective by failing to move to quash and suppress evidence and to investigate.

¶ 10    On January 30, 2020, the postconviction court summarily dismissed Grayer's initial postconviction petition, stating the rationale in open court and a written order.

¶ 11    Immediately after ruling, the court stated that it had received Grayer's amended postconviction petition. The court recharacterized it as a motion for leave to file a successive petition and took the matter under advisement. The court set the amended petition for March 6, 2020. ("I've just denied Mr. Grayer's initial postconviction petition. The clerk is to notify him. It seems that Mr. Grayer has filed what he styled as amended *pro se* conviction petition, which would really actually be a leave to file subsequent or a successive postconviction petition.").

¶ 12    On February 21, Grayer filed a notice of appeal from the January 30 dismissal of his postconviction petition.

¶ 13                                        Analysis

¶ 14    We review summary dismissal of a postconviction petition *de novo*. *People v. Tate*, 2012 IL 112214. And we review *de novo* the postconviction court's compliance with applicable procedures when dealing with a self-represented litigant's pleadings. *People v. Smith,* 371 Ill. App. 3d 817, 819 (2007).

¶ 15    The procedural history is unusual. Grayer asserts the only issue involves the summary dismissal of the original petition because the trial court never considered the amended petition. Generally, the rules of criminal appeals control postconviction appeals. *People v. Bounds*, 182 Ill. 2d 1, 3 (1998); Ill. S. Ct. R. 651(d) (eff. July 1, 2017). Thus, Rule 606(b) controls the timing of postconviction appeals. Ill. S. Ct R. 606(b) (eff. Jan. 1, 2023).

¶ 16    Under Rule 606(b), parties can only appeal from final judgments. A judgment may become nonfinal when a party timely files a posttrial motion other than a notice of appeal. If a party also files a notice of appeal, and if the trial court has not yet ruled on the posttrial motion, the trial court must strike the notice of appeal. As Rule 606(b) states, "This rule applies whether the timely postjudgment motion was filed before or after the date on which the notice of appeal was filed." *Id*.

¶ 17    The appellate court has jurisdiction over final appealable orders, and summary dismissals are final appealable orders. See Ill. S. Ct. R. 651(a) (eff. July 1, 2017). Thus, our jurisdiction turns on what we make of the amended petition and how we characterize the trial court's actions. For example, had the court said nothing about the separate filing, we might fairly hold that the summary dismissal of the original petition was an implicit summary dismissal of the amended petition. See *People v. Harris*, 224 Ill. 2d 115, 139 (2007) ("By entering a final order summarily dismissing the

petition as frivolous and patently without merit, the court impliedly denied the requests in defendant's prayer for relief.). But we cannot do so: the record demonstrates the court was aware of the amended petition.

¶ 18     The postconviction court docketed the original petition on November 16, 2019. The court summarily dismissed this petition on January 30, 2020, 86 days later and within the 90-day time limit. On the same day, the court received a separate filing. Grayer styled that filing as an amended petition. The court recharacterized it as a successive petition and continued the matter to March 6. On appeal, the parties agree the court never ruled on this petition ("the amended petition"). Grayer argues this violates the 90-day time period.

¶ 19     In Grayer's view, the postconviction court failed to rule on the entire petition, including the original and amended petition. Grayer asserts the appellate court should remand for second stage proceedings because the court entered an improper order: a partial summary dismissal. The State counters that the petition at issue is not properly before the appellate court because the postconviction court has yet to rule on it. But the State's proposed solution calls for the appellate court to ignore the amended petition and affirm the summary dismissal of the original petition.

¶ 20     On January 30, 2020, the trial court briefly mentioned the amended petition in the written order summarily dismissing the original petition. But the trial judge denied only the original postconviction petition. Regarding the "Amended Petition," the court stated, "It seems that [defendant] has filed what he styled as amended pro se conviction petition, which would really actually be a leave to file subsequent or a successive post-conviction petition. I'm going to take the matter under advisement." He continued the "successive post-conviction" to March 6th. But before the March 6 hearing, Grayer filed an appeal from the order entered on January 30 order. The court half sheet reflects the March 6th date "was stricken."

¶ 21     Section 122-2.1.(a) of the Act directs that within 90 days after the filing and docketing of each petition, the circuit court shall examine the petition and enter a written order either dismissing the petition as frivolous or patently without merit, "specifying the findings of fact and conclusions of law it made in reaching its decision, and such an order is a final judgment. 725 ILCS 5/122-2.1 (West 2018). "The 90-day time period of section 122-2.1 is mandatory, not directory." *People v. McCaskill,* 2012 IL App (1st) 110174, ¶ 11.

¶ 22     The trial court should have ruled on the amended petition that Grayer had filed within 90 days. See *People v. Watson*, 187 Ill. 2d 448, 451-52 (1997) ("When a defendant who has filed an original post-conviction petition subsequently files an amended petition, the 90-day period in which the court must examine the defendant's petition and enter an order thereon is to be calculated from the filing of the amended petition.") The parties on appeal agree that the court never ruled on it despite docketing the amended petition for further consideration.

¶ 23     Under these circumstances and in obedience with Rule 606(b), the postconviction court should have struck the notice of appeal and found the "Amended Petition" superseded the original petition. We therefore vacate the January 30, 2020 order dismissing Grayer's original petition. Because the court did not rule on the petition within 90 days, we remand to the trial court with directions to conduct a second stage review of the "Amended Petition."

¶ 24     Vacated and remanded.