2025 IL App (1st) 231292-U

Nos. 1-23-1292, 1-23-1563 (cons.)

Order filed January 31, 2025

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 17 CR 10252 |
| | ) | |
| TREVOR ROBINSON, | ) | Honorable |
| | ) | Sophia Atcherson, |
| Defendant-Appellant. | ) | Judge presiding. |

_____

JUSTICE NAVARRO delivered the judgment of the court.
Justice Mitchell concurred in the judgment.
Justice Oden Johnson dissented.

**ORDER**

¶ 1    *Held*: We affirm the circuit court's dismissal of defendant's initial postconviction petition and its denial of his motion for leave to file an amended petition.

¶ 2    After the circuit court dismissed defendant Trevor Robinson's *pro se* petition filed under

the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)) as frivolous and

patently without merit, the clerk of the circuit court of Cook County received and filed a *pro se*

document titled "Amended Petition For Post-Conviction Relief." Despite Robinson's claim that

he mailed the petition before his initial petition was dismissed, the court found the purported amended petition untimely. Even so, the court offered Robinson the opportunity to have the pleading treated as an attempt to file a successive petition under the Act, but he rejected the offer. As a result, the court denied Robinson's attempt to file an amended petition.

¶ 3      On appeal, Robinson contends that the record shows he mailed the "Amended Petition For Post-Conviction Relief" before the circuit court dismissed his initial petition, thereby making the filing timely under the mailbox rule and resulting in the court errantly dismissing his initial petition without considering the amended petition. Robinson argues that, if we do not find that the record shows he mailed the amended petition before the court dismissed his initial petition, his case should be remanded back to the circuit court for a hearing so he can prove he timely filed his amended petition under the mailbox rule. For the reasons that follow, we affirm.

¶ 4                                    I. BACKGROUND

¶ 5      The State charged Robinson with several counts of first-degree murder, attempted first-degree murder and aggravated discharge of a firearm in connection with a shooting that resulted in the death Novajah Ringgold. Following a bench trial, the trial court found Robinson guilty of three counts of aggravated discharge of a firearm, but not guilty of first-degree murder and attempted first-degree murder. The court sentenced Robinson to concurrent terms of 15 years' imprisonment on each count of aggravated discharge of a firearm, with Robinson having to serve at least 85% of his sentences.

¶ 6      Robinson appealed and contended that the State presented insufficient evidence to sustain his convictions for aggravated discharge of a firearm, his three convictions violated the one-act, one-crime doctrine, and he should receive day-for-day good time credit rather than having to serve

85% of his sentences. This court, however, rejected all three contentions, and we affirmed his convictions and sentences. *People v. Robinson*, 2022 IL App (1st) 200997-U.

¶ 7 On February 23, 2023, Robinson filed a *pro se* postconviction petition, asserting various claims that he was deprived of his constitutional rights. On April 7, 2023, the "Case Summary" notes: "Post-Conviction Filed." During a status hearing that day, the circuit court observed that Robinson was not present and his case was "a first stage post-conviction proceeding." The court remarked that it was reviewing the petition and continued the matter to May 19, 2023. A Criminal Disposition Sheet from that hearing reflects the same. While the Case Summary indicates that another petition had been filed, nothing in the record substantiates that notation. On May 19, 2023, the circuit court dismissed Robinson's petition in a written order after finding it to be frivolous and patently without merit.

¶ 8 On May 23, 2023, before the clerk of the circuit court of Cook County sent Robinson a notice of disposition, the clerk stamped a second *pro se* petition from Robinson, which was titled "Amended Petition For Post-Conviction Relief." From our review of the filing, the title of the stamp is illegible. However, the parties agree that the stamp says "received." Two days later, the clerk stamped the petition as "filed." In the second petition, Robinson re-alleged the claims from his initial petition but also added additional claims that he was deprived of his constitutional rights. Robinson's second petition did not contain a proof of service, although he asserted in the petition itself that it "was mailed to the Clerk of the Cook County Circuit Court within the time frame enumerated under [section 122-1 of the Act (725 ILCS 5/122-1 (West 2022))]."

¶ 9 On June 7, 2023, the circuit court held a status hearing with the State about Robinson's second petition. The court asked the State to *writ* Robinson to court for an appearance to discuss with him whether he wanted his second petition to be treated as a motion for leave to file a

successive petition under the Act because it had already dismissed his initial petition. The following month, at the subsequent status hearing, an assistant state's attorney acknowledged that Robinson was not present. The assistant state's attorney asserted that she was unsure if she issued the *writ*, but told the court she would check, and if she had not, she would re-issue it. Later that month, this court granted Robinson's motion for leave to file a late notice of appeal from the circuit court's dismissal of his initial petition (Appeal Number 1-23-1292).

¶ 10    On August 1, 2023, Robinson appeared in court, where the circuit court explained to him that, because it had already dismissed his initial petition, the only procedural avenue available for him with respect to his second petition was for it to be treated as an attempt to file a successive petition under the Act. The court explained that, in order to grant him leave to file a successive petition, he would have to show cause and prejudice, or actual innocence. Given this, the court asked Robinson if he wanted his second petition to be considered an attempt to file a successive petition. Robinson declined, instead asserting that he mailed the petition, which he characterized as an amended petition, on May 16, 2023, and had no control when the clerk actually received it. Robinson argued that, under the mailbox rule, his amended petition should have been deemed filed the day he gave the petition to the "authorities," which was before the court dismissed his initial petition. The court disagreed, positing that the day the clerk received the petition controlled. The court concluded that, because Robinson's filing was untimely as an amended petition and he did not want the filing treated as an attempt to file a successive petition, it had to take the matter off call. That day, the court also entered a written order similarly taking the matter "OFF CALL."

¶ 11    Thereafter, Robinson filed a "Motion for Clarification and Objection," seeking to have his second petition treated as an amended petition. Robinson claimed that he put his amended petition in the mailbox on May 16, 2023, and the prison mailroom received the amended petition two days

- 4 -

later. Robinson argued that, under the mailbox rule, his amended petition should have been deemed filed on May 16, 2023. And therefore, according to Robinson, his amended petition was timely filed before the circuit court dismissed his initial petition. Robinson attached to his motion a document from the Illinois Department of Corrections titled "Authorization for Payment," which indicated that, on May 16, 2023, he authorized a postage payment for his amended petition. According to a stamp on the document, it was received by the Illinois Department of Corrections' mailroom on May 18, 2023.

¶ 12    On August 11, 2023, the circuit court acknowledged receipt of Robinson's motion. After reciting the history of the case, the court struck Robinson's motion and again asserted the matter was going off call. Thereafter, Robinson filed a notice of appeal from the circuit court's ruling concerning his second petition (Appeal Number 1-23-1563).

¶ 13    During briefing of these two appeals, Robinson, through the Office of the State Appellate Defender, moved to consolidate them. We granted the motion and consolidated the appeals.

¶ 14                                    II. ANALYSIS

¶ 15    This consolidated appeal represents two distinct actions by the circuit court concerning Robinson's postconviction proceedings: its dismissal of his initial postconviction petition as frivolous and patently without merit, and its treatment of his Amended Petition For Post-Conviction Relief. Before reviewing the court's actions, we begin with an overview of the relevant portions of the Act (725 ILCS 5/122-1 *et seq.* (West 2022)).

¶ 16    The Act provides a three-stage process for a defendant who alleges that he has suffered a substantial deprivation of his constitutional rights. *People v. Cotto*, 2016 IL 119006, ¶ 26. This case was resolved during first-stage proceedings. During this initial stage of review, the circuit court must independently evaluate the petition and determine whether it is frivolous or patently

- 5 -

without merit. *People v. Huff*, 2024 IL 128492, ¶ 19. If the court determines that the petition is frivolous or patently without merit, it must dismiss the petition. 725 ILCS 5/122-2.1(a)(2) (West 2022). The Act requires the court to rule on a petition within 90 days of its filing and docketing. *Id.* § 122-2.1(a). In turn, a petition can advance to second-stage proceedings if the court fails to rule on the petition within 90 days or if the court determines that the petition is not frivolous or patently without merit. *Huff*, 2024 IL 128492, ¶ 19. Although the court must rule on a petition within 90 days, there is no bar to the court ruling earlier, as "[t]he Act does not require the court to wait the full 90 days." *People v. Harris*, 224 Ill. 2d 115, 141 (2007). We review the court's dismissal at the first stage of the Act *de novo*. *People v. Williams*, 2024 IL 127304, ¶ 17. We also review whether the court complied with postconviction procedures in response to a *pro se* litigant's filings *de novo*. *People v. Grayer*, 2023 IL App (1st) 200481, ¶ 14.

¶ 17 As discussed, the first part of this consolidated appeal concerns the circuit court's dismissal of Robinson's initial postconviction petition as frivolous and patently without merit. But despite appealing that dismissal, Robinson does not raise any arguments concerning the court's dismissal on the merits of his initial petition. Therefore, he has forfeited review of the propriety of the court's ruling on the merits of his initial petition. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020); *Cotto*, 2016 IL 119006, ¶ 49. Consequently, if Robinson did not timely amend his initial petition, which will be discussed, the court properly dismissed it.

¶ 18 The second part of this consolidated appeal concerns the circuit court's treatment of Robinson's Amended Petition For Post-Conviction Relief. To that end, Robinson contends the record demonstrates that he mailed the Amended Petition For Post-Conviction Relief before the circuit court dismissed his initial petition, thereby making the filing timely under the mailbox rule and resulting in the court errantly dismissing his initial petition without considering the amended

- 6 -

petition. Under these circumstances, Robinson argues that we should remand the matter back to the circuit court for second-stage proceedings under the Act. Alternatively, Robinson contends, if we do not find the record demonstrates that he mailed the amended petition before the court dismissed his initial petition, his case should be remanded back to the circuit court for a hearing to prove he timely filed his amended petition under the mailbox rule.

¶ 19    We begin with the procedural requirements for an amended petition. Under the Act, a defendant is generally limited to filing one postconviction petition. *People v. Holman*, 191 Ill. 2d 204, 210 (2000). However, the circuit court has discretion to allow the defendant to file an amended petition. *People v. Watson*, 187 Ill. 2d 448, 451 (1999). Under the Act, "[t]he court may in its discretion make such order as to amendment of the petition *** as shall be appropriate, just and reasonable and as is generally provided in civil cases." 725 ILCS 5/122-5 (West 2022). In turn, under section 2-616(a) of the Code of Civil Procedure (735 ILCS 5/2-616(a) (West 2022)), "[a]t any time before final judgment amendments may be allowed on just and reasonable terms." In civil cases, the court should liberally grant leave to amend pleadings (see *Tomm's Redemption, Inc. v. Hamer*, 2014 IL App (1st) 131005, ¶ 13), and the same is true in postconviction proceedings. See *People v. Brown*, 336 Ill. App. 3d 711, 716 (2002). And thus, during postconviction proceedings, prior to a final judgment, the court should generally allow the defendant to amend his petition. See 725 ILCS 5/122-5 (West 2022); 735 ILCS 5/2-616(a) (West 2022); *Brown*, 336 Ill. App. 3d at 716. But when the court dismisses a petition, that dismissal constitutes a final judgment. 725 ILCS 5/122-2.1(a)(2) (West 2022). As such, after the court dismisses a petition, the court no longer has discretion to allow an amended petition, and, in turn, the defendant no longer has a statutory right to seek the amendment. *People v. White*, 2013 IL App (2d) 120205, ¶ 9.

Instead, following the dismissal, the defendant has two options. *People v. Blair*, 215 Ill. 2d 427, 451 (2005). He can file a motion to reconsider the dismissal or he can appeal the dismissal. *Id.*

¶ 20    Turning to the instant case, when Robinson filed his Amended Petition For Post-Conviction Relief, he did not include a motion for leave to file the petition, which, as a general matter, is a necessary prerequisite to the amended petition actually being filed. See *People v. Currey*, 2024 IL App (2d) 230099, ¶ 16. "A proposed amended pleading that a party submits as part of a motion for leave to file 'is not yet a part of a judicial proceeding and has no legal effect until the motion is granted.' " *People v. White*, 2013 IL App (2d) 120205, ¶ 7 (quoting *Kurczaba v. Pollock*, 318 Ill. App. 3d 686, 703 (2000)). Although Robinson never filed a motion for leave, that, in essence, is what he intended by filing his Amended Petition For Post-Conviction Relief. See *Currey*, 2024 IL App (2d) 230099, ¶ 16. As such, we construe this filing as a motion for leave to file an amended petition. See *id.* Regardless, whether the court properly handled Robinson's Amended Petition For Post-Conviction Relief turns on when he filed the document.

¶ 21    It is undisputed that the clerk of the circuit court stamped—whether as "received" on May 23, 2023, or "filed" on May 25, 2023—Robinson's Amended Petition For Post-Conviction Relief after the court's May 19, 2023, dismissal of his initial petition. Based strictly on the clerk's file-stamps, Robinson's attempt to file an amended petition occurred after the court's dismissal of his initial petition and therefore, after a final judgment. Once there was a final judgment on his petition, the court no longer had discretion to allow Robinson to file an amended petition, and, in turn, Robinson no longer had a statutory right to seek the amendment. *White*, 2013 IL App (2d) 120205, ¶ 9. Admittedly, during proceedings below, the court miscalculated the 90-day deadline to rule on Robinson's initial petition, believing it had until May 22, 2023, rather than May 24, 2023. But, because the court dismissed the petition before May 24, 2023, and the court did not

need to wait the full 90 days to rule on the petition (see *Harris*, 224 Ill. 2d at 141), it is inconsequential that the court miscalculated the 90-day deadline. Consequently, when viewing the filing date of Robinson's Amended Petition For Post-Conviction Relief based on the clerk's file-stamps, his attempt to amend was untimely, and the court correctly determined that it had no discretion to allow the amendment. See *White*, 2013 IL App (2d) 120205, ¶ 9.

¶ 22    Nevertheless, Robinson asserts that, under the mailbox rule, he timely filed his Amended Petition For Post-Conviction Relief before the court's dismissal of his initial petition. The mailbox rule, which applies to postconviction proceedings (*Gruszeczka v. Illinois Workers' Compensation Commission*, 2013 IL 114212, ¶ 22 n. 3), provides an incarcerated, *pro se* litigant "with a guaranteed method to prove that their [filing] was timely placed in the institutional mail" despite the filing being received after a due date. *People v. English*, 2023 IL 128077, ¶ 32. However, to take advantage of the mailbox rule, the defendant must provide a proof of service in compliance with Illinois Supreme Court Rule 12(b)(6) (eff. July 1, 2017). *People v. Scott*, 2019 IL App (2d) 160439, ¶ 16. Rule 12(b)(6) provides that service is proved:

> "in case of service by mail by a self-represented litigant residing in a correctional facility, by certification under section 1-109 of the Code of Civil Procedure of the person who deposited the document in the institutional mail, stating the time and place of deposit and the complete address to which the document was to be delivered." Ill. S. Ct. R. 12(b)(6) (eff. July 1, 2017).

A defendant need only substantially comply with Rule 12(b)(6). *People v. Shunick*, 2024 IL 129244, ¶ 31.

¶ 23    Here, as Robinson concedes on appeal, he failed to provide a proof of service in accordance with Rule 12(b)(6) when attempting to file his Amended Petition For Post-Conviction Relief. His

failure to comply with Rule 12(b)(6) prevents him from taking advantage of the mailbox rule. See *Shunick*, 2024 IL 129244, ¶ 66; *English*, 2023 IL 128077, ¶ 34. And despite his attempts below to show compliance with the mailbox rule through oral assertions and an "Authorization for Payment" form from the Illinois Department of Corrections, he can only comply with the mailbox rule through compliance with Rule 12(b)(6). See *Shunick*, 2024 IL 129244, ¶ 27. Recognizing that, based on the record, the mailbox rule could potentially provide him no relief, Robinson, in the alternative, asks us to provide him a limited remand to the circuit court for a hearing where he can prove that he timely mailed his Amended Petition For Post-Conviction Relief. In doing so, Robinson relies on this court's decision in *People v. Cooper*, 2021 IL App (1st) 190022, ¶¶ 22, 24, where we utilized Illinois Supreme Court Rule 615(b)(2) to remand a case back to the trial court for the limited purpose of holding a hearing to allow the defendant an attempt at *post hoc* compliance with Rule 12(b)(6). However, in *Shunick*, 2024 IL 129244, ¶¶ 68-78, our supreme court expressly overruled *Cooper*, finding that nothing in Rule 12(b)(6) "afford[ed] a litigant a *post hoc* attempt at compliance with" the rule. *Shunick* has therefore foreclosed the remand relief sought by Robinson in this case.

¶ 24    Having found that Robinson's Amended Petition For Post-Conviction Relief is untimely, thereby precluding him from attempting to amend his petition (see *White*, 2013 IL App (2d) 120205, ¶ 9), and his remand request is improper (see *Shunick*, 2024 IL 129244, ¶ 76), we are left with what the circuit court did. During the August 1, 2023, hearing with Robinson in court, after informing him that his Amended Petition For Post-Conviction Relief was untimely, the court correctly apprised him that the only other recourse available to him with respect to his filing was for it to be treated as a request for leave to file a successive postconviction petition. See *People v. Smith*, 2013 IL App (4th) 110220, ¶ 23 (finding that, where the defendant filed two new petitions—

- 10 -

titled as "Amended" and "Successive" petitions—after the circuit court had already dismissed his initial petition, the new petitions could only "be considered successive petitions" because "a defendant may not amend a postconviction petition following a first-stage dismissal"). Although a successive petition is generally disfavored (*People v. Edwards*, 2012 IL 111711, ¶ 29), there is no inherent bar to attempting to file one while the appeal of the dismissal of an initial petition is pending. See *People v. Montanez*, 2023 IL 128740, ¶¶ 61, 71-123. But when the court asked Robinson if he wanted the filing to be treated as a request for leave to file a successive petition, Robinson rejected the offer and insisted that it was a timely filed amended petition. When Robinson rejected the court's request, it informed him that it had to take the matter off call and in essence, denied Robinson leave to file the amended petition. See *White*, 2013 IL App (2d) 120205, ¶ 10 (the proper resolution of an untimely request to amend a petition is to deny leave to amend). Although the court never specifically denied Robinson leave to amend, it is not the form, but rather the substantive effect, of the order that controls. See *People v. Wade*, 326 Ill. App. 3d 940, 942-43 (2001). Under the circumstances, the court properly resolved Robinson's Amended Petition For Post-Conviction Relief.

¶ 25                                    III. CONCLUSION

¶ 26    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 27    Affirmed.

¶ 28    JUSTICE ODEN JOHNSON, dissenting:

¶ 29    Given the ambiguities, irregularities and misstatements in the record before us, I would exercise our discretion to reverse and remand this case for first-stage consideration of defendant's amended petition. Ill. S. Ct. R. 615 (b). I will include a background here to enhance certain facts that are relevant to my analysis.

¶ 30                                      BACKGROUND

¶ 31     On May 19, 2023, the trial court summarily dismissed defendant's *pro se* postconviction petition as frivolous and patently without merit.

¶ 32     Subsequently, the trial court received in the mail an amended petition from defendant that the court file-stamped twice: once on May 23, 2023; and once on May 25, 2023.

¶ 33     On July 26, 2023, we, the appellate court, granted defendant's motion for leave to file a late notice of appeal from the trial court's May 19, 2023, order and appointed the State Appellate Defender (SAD) to represent him.

¶ 34     On August 1, 2023, the trial court had defendant appear in person, on a writ, before the trial court, so the court could ask him questions. There is no evidence that defendant was afforded an opportunity to have counsel present at that time. At the hearing, the court told defendant that the court had 90 days to consider defendant's initial postconviction petition and that, by the court's calculation, that 90-day period expired May 22 and so the trial court had issued its decision on May 19, 2023. The court then asked defendant if he wanted his amended petition to be considered a successive petition. The court did not advise defendant that saying yes to that proposition would create an extra hurdle for defendant's claims. However, defendant responded that he did not want the amended petition to be considered a successive petition, that he had put it in the mailbox on May 16, 2023, and that he had proof of service. As a result, defendant asked for the amended petition to be considered under "the mailbox rule." While insisting "I can't give you legal advice," the trial judge advised defendant that the only date that counted legally was the date that the petition was received and filed by the clerk of the court, that the court no longer had jurisdiction

due to the filing of a notice of appeal and that she was taking the matter off the call.[1] Defendant appealed the August 1, 2023, ruling on August 21, 2023.

¶ 35    On January 31, 2024, this court granted defendant's motion to consolidate the two appeals.

¶ 36                                    ANALYSIS

¶ 37    As we all agree, "[t]he summary dismissal of a postconviction petition is reviewed *de novo*" on appeal. *People v. Joiner*, 2024 IL 129784, ¶ 20. *De novo* review means that the reviewing court owes no deference to the trial court and performs the same analysis that a trial judge would perform. *People v. Harris*, 2022 IL App (1st) 192509, ¶ 20.

¶ 38    The trial court found that the 90-day period expired on May 22, 2023, and this finding was clearly incorrect. Ninety days from February 23, 2023, when defendant's initial petition was stamped as "Filed," was Wednesday, May 24, 2023. The State concedes in its brief to us that the trial court's calculation of the 90-day period was wrong. It further concedes, as it must, that ninety days from February 23, 2023, was Wednesday, May 24, 2023, and not Monday, May 22, 2023, as the trial court found.[2]

¶ 39    The State argues that, since defendant's amended petition was not filed until after the 90-day ruling period elapsed, it was untimely. However, defendant's amended petition bears two file-stamps from the court: May 23, 2023; and May 25, 2023. According to the State's argument, if May 23, 2023, is the date of the amended petition then defendant's amended petition was filed before expiration of the 90-day period. However, if May 25 is the dispositive date, then his amended petition was filed one day after it.

---

[1] The trial court entered a written order the same day, August 1, 2023, stating: "Off Call no future court appearance required."

[2] A half-sheet entry for June 7, 2023, states that the trial court found both that the 90-day period ended on May 22, 2023, and that the amended petition was filed May 25, 2023.

¶ 40    In its brief to this court, the SAD, on behalf of defendant, states that the clerk file-stamped the amended petition as " 'received' " on May 23, 2023. The SAD further states that the amended petition "was then stamped as 'filed' on May 27, 2023."[3] Both statements by the SAD are wrong. First, as the State notes in its brief, the second date is May 25—not May 27 as the SAD asserted in its brief. Second, the document does not bear the word "received." While the May 25 stamp clearly says "FILED" above the date, the May 23 stamp appears to be missing parts both above and below the date.[4]

¶ 41    The State argues that the typed "Case Summary" establishes that the filed date of the amended petition was May 25. The Case Summary states "Post-Conviction Filed" for February 23, 2023, and again for May 25, 2023. However, the Case Summary has a third date also entitled "Post-Conviction Filed," namely, April 7, 2023. If accurate, that resets the 90-day clock. *People v. Watson*, 187 Ill. 2d 448, 451 (1999) ("when a defendant who has filed an original post-conviction petition subsequently files an amended petition, the 90-day period in which the court must examine the defendant's petition and enter an order thereon is to be calculated from the filing of the amended petition"). There are exhibits that are out of order in our common law record and that are not date-stamped, such that it is not possible to definitively determine when they were filed, and which leaves the possibility that they could have been filed April 7.[5] If the clock was reset on April 7, then defendant's amended petition was well within the 90-day period.

---

[3] We note that, if one was to make the argument that every document is stamped both when received and when filed, this argument would be refuted by the initial petition which bears only one stamp.

[4] Even if the May 23 date indicates the day received and the May 25 stamp indicates the date docketed, there is no explanation of why it took two full business days to docket it. Section 122-1(b) provides that "[t]he clerk shall docket the petition for consideration by the court *** *upon* his or her receipt thereof." (Emphasis added.) 725 ILCS 5/122-(b) (West 2022).

[5] In addition, a handwritten half-sheet confusingly states that defendant was "IDOC & present" in court on April 7 for a "*Pro Se* PC Filing." However, there is a five-line transcript for an April 7 hearing for

- 14 -

¶ 42    As for the May 19 date of the trial court's order, one handwritten half-sheet shows that notification of the trial court's order to defendant was ordered on May 19, and another half-sheet states that it was not ordered until May 26, 2023—after defendant's amended petition was received. Similarly, the clerk of the court did not certify that the trial court's dismissal order "has been entered as of record" until May 26, 2023, which was after defendant's amended petition had been received.

¶ 43    The State cites in support our supreme court's recent decision in *Joiner*, 2024 IL 129784. In *Joiner*, defendant, who was represented by privately retained counsel, filed a postconviction petition on July 7, 2021, but without the required filing fee. *Joiner*, 2024 IL 129784, ¶ 28. Counsel, without any explanation, then refiled the petition on August 4, 2021, with the filing fee. *Joiner*, 2024 IL 129784, ¶ 28. Our supreme court held that the 90-day period ran from August 4. *Joiner*, 2024 IL 129784, ¶ 28. In reaching its holding, the court emphasized that its decision did not harm the defendant in the case before it or any indigent defendant. *Joiner*, 2024 IL 129784, ¶ 25. I do not find *Joiner* pertinent here, where the outcome of *Joiner* turned on a filing fee paid by retained counsel, while our case involves an indigent and incarcerated defendant.

¶ 44    The State also argues that defendant cannot be given the benefit of the mailbox rule, which defendant raised in the court below. Generally, under the mailbox rule, pleadings and motions are considered timely filed on the day that they are placed in the prison mail system by an incarcerated defendant. *People v. Shines*, 2015 IL App (1st) 121070, ¶ 31. On appeal, the State argues that defendant failed to satisfy Illinois Supreme Court Rule 12. (eff. July 1, 2017). Rule 12 provides an incarcerated defendant with a means of satisfying the mailbox rule solely on writings and without

which no parties or attorneys were present, and the court went on the record to state that defendant was not present and the court was reviewing the filing.

- 15 -

the need for appearances. Il. S. Ct. R. 12(b)(6) (eff. July 1, 2017). Only substantial compliance with Rule 12 is required. *People v. Shunick*, 2024 IL 129244, ¶ 32. While Rule 12 provides for a purely written format for proving timely service, once the trial court chose to hold a hearing with the unrepresented defendant, there was no physical barrier to defendant's presenting his proof of service in person, as defendant appears to have attempted to do.

¶ 45    Additionally, if the trial court found a need to require defendant's presence at a hearing and suggest that he recategorize his petition as a successive petition, then the court should have, at the very least, appointed him an attorney.

¶ 46    In light of the irregularities of the procedure employed here, the misstatements in the record by the trial court and the state-appointed attorney, and the ambiguities in the documents before us, I would exercise our discretion to reverse and remand this case for first-stage consideration of defendant's amended petition. Ill. S. Ct. R. 615 (b). This defendant is asking for so very little, namely, a frivolous-and-patently-without-merit review of his already filed amended petition, and yet we, the courts, have spilled a lot of ink and spent a lot of effort in preventing him from receiving this minimal consideration. For these reasons, I must respectfully dissent.